PER CURIAM: *
Dorothy Ann Hawkins pled guilty to conspiracy to commit healthcare fraud and was sentenced to forty-six months’ imprisonment. See 18 U.S.C. §§ 1347, 1349. She challenges the district court’s enhancement of her sentence for abuse of a position of trust under U.S.S.G. § 3B1.3. For the following reasons and for essentially the reasons stated in our opinion filed today in United States v. Miller, 607 F.3d 144 (5th Cir.2010), we affirm Hawkins’s sentence.
Like her sister Brenda Davis Miller, Hawkins was the owner of a company, Genesis Medical Supply, that was licensed to provide durable medical equipment (DME) to beneficiaries of Medicaid and Medicare. Hawkins was enmeshed in a *403 scheme with Miller to defraud the government by submitting false and fraudulent claims for power wheelchairs, power scooters, and child psychotherapy services.
The presentence report, adopted by the district court, stated that Hawkins took an active role in managing both her company and her sister’s company, AA Better Medical Supply. She provided one of her employees with patient information to be recorded on pre-authorized certificates of medical necessity (CMNs), which were subsequently submitted to the government. In addition, she ordered and received medical equipment, tracked patients and referrals, and paid invoices. Like Miller, Hawkins held a position which “provide[d] the freedom to commit a difficult-to-detect wrong.” United States v. Brown, 7 F.3d 1155, 1161 (5th Cir.1993) (quotation omitted). Accordingly, the enhancement for abuse of trust was properly applied based on the “managerial discretion” exercised by Hawkins in the context of a government program that relies on a DME provider’s honesty in claim submissions. See U.S.S.G. § 3B1.3 cmt. n. 1. The enhancement was also appropriate in light of Hawkins’s participation in the falsification of CMNs, which essentially amounted to her assuming the role of a certifying physician vis-á-vis Medicaid and Medicare. See United States v. Gieger, 190 F.3d 661, 665 (5th Cir.1999).
Accordingly, there was no error in the application of the § 3B1.3 enhancement. Hawkins’s sentence is AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.